[Cite as *Cleveland v. Adams*, 2012-Ohio-1063.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97523

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## CLARENCE ADAMS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 CRB 032040

**BEFORE:** Jones, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Law Director

BY: Victor R. Perez
Chief City Prosecutor
Jaclyn R. Shultz
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Clarence Adams, appeals the October 4, 2011 judgment entry rendered by the Cleveland Municipal Court. We reverse and remand.

## I. Procedural History and Facts

{¶2} In September 2011, a complaint was filed in the municipal court charging Adams with one count each of endangering children, domestic violence, criminal damaging, and two counts of assault.

{¶3} Adams pled no contest to one count of assault and domestic violence, both misdemeanors of the first degree. He was sentenced to the maximum term of six months for each count, to be served consecutively. Adams was also fined $1,000 for each count and ordered to have no contact with any of the victims. Adams now raises several assignments of error relative to his plea and sentence. The first assignment of error, which is dispositive, provides:

> I. Defendant was denied due process of law when the court failed to
> explain the effect of a no-contest plea.

## II. Law and Analysis

{¶4} In his first assignment of error, Adams contends that his plea was unconstitutionally entered and must be vacated because the trial court failed to inform him of the effect of a no contest plea. We agree.

{¶5} A trial court's obligations in accepting a plea depends on the level of the offense to which the defendant is pleading. *N. Royalton v. Semenchuk*, 8th Dist. No.

95357, 2010-Ohio-6197, ¶ 7, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25.

{¶6} Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Adams pled no contest to one count of assault and domestic violence, both misdemeanors of the first degree, punishable by maximum sentences of six months. R.C. 2929.24(A)(1). Thus, the crimes constituted petty offenses.

{¶7} Under Crim.R. 11(E), "[i]n misdemeanor cases involving petty offenses the court * * * shall not accept [a plea] without first informing the defendant of the effect of the plea of guilty, no contest, [or] not guilty." Crim.R. 11(B)(2) provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶8} A review of the transcript from the plea hearing reveals that the trial court did not advise Adams of the effect of the no contest pleas. The city contends that all that was required was substantial compliance, and the trial court met that obligation. We disagree. The trial court failed to comply, either strictly or substantially, with the requirement that Adams be informed that his plea was not an admission of his guilt, but an admission of the truth of the facts as alleged in the complaint. Further, Adams was not informed, either literally or substantially, that the plea would not be used against him.

{¶9} We are also not persuaded by the city's contention that Adams failed to demonstrate that he was prejudiced. This court has previously held that when a trial

court *completely* fails to comply with a rule in accepting a plea, a demonstration of prejudice is unnecessary. *Semenchuk*, 2010-Ohio-6197, at ¶ 13-14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶10}** In light of the above, the trial court violated Adams's due process rights by accepting his no contest plea without informing him of the effect of the plea. The first assignment of error is therefore sustained. Because our resolution on the first assignment of error is dispositive, the remaining assignments of error are moot, and we do not address them. App.R. 12(A)(1)(C).

**{¶11}** Judgment reversed; case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR