[Cite as *State v. Johnson*, 2016-Ohio-480.]

STATE OF OHIO              )          IN THE COURT OF APPEALS
                          )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT          )

STATE OF OHIO                         C.A. No.    27550

    Appellee

    v.                                   APPEAL FROM JUDGMENT
                                     ENTERED IN THE
DUANE JOHNSON                        AKRON MUNICIPAL COURT
                                     COUNTY OF SUMMIT, OHIO
    Appellant                        CASE No.    14CRB4243

DECISION AND JOURNAL ENTRY

Dated: February 10, 2016

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Duane Johnson, appeals the judgment of the Akron Municipal Court convicting him of making false alarms and denying his motion to withdraw his guilty plea. For the reasons that follow, we reverse.

I.

{¶2} Johnson was charged with one count of making false alarms in violation of Akron Codified Ordinance 132.09(A)(3), a misdemeanor of the first degree. He pled not guilty to the charge at the first pretrial hearing. At the second pretrial hearing, the State and Johnson entered into a plea agreement whereby Johnson executed a written waiver of rights and pled guilty to the charge. On September 11, 2014, the trial court issued a judgment entry stating that Johnson pled guilty and received a jail term of 180 days with 165 days suspended and 15 days credit for time served.

**{¶3}** Approximately two months after the change of plea hearing, Johnson filed a motion to withdraw his guilty plea on the basis that he was under psychological stress at the time of the hearing. The trial court conducted a hearing on the motion at which Johnson presented testimony to that effect. The trial court summarily denied Johnson's motion.

**{¶4}** Johnson filed a notice of appeal indicating that he was appealing from the September 11, 2014 judgment entry. Because Johnson did not attach a copy of this entry to his docketing statement, we ordered him to do so. Johnson complied with our order and moved to amend the notice of appeal to reflect that he was appealing from the denial of his motion to withdraw his guilty plea, not the September 11, 2014 judgment entry. Nevertheless, upon review of the judgment entry, we concluded that it was not final and appealable since it did not include the offense, which rendered the ruling on Johnson's motion to withdraw his guilty plea an interlocutory order. Consequently, we remanded this matter to allow the trial court to remedy the issue. After the trial court issued a nunc pro tunc entry to correct this deficiency, we granted Johnson's motion to amend the notice of appeal to allow an appeal from both the denial of his motion to withdraw his guilty plea and the judgment of conviction and sentence and we supplemented the record with the nunc pro tunc entry. Johnson's appeal presents three assignments of error for our review with the first and second assignments of error challenging the judgment of conviction and sentence and the third assignment of error challenging the trial court's denial of his motion to withdraw his guilty plea.

II.

### Assignment of Error II

**The trial court committed error as a matter of law in accepting a guilty plea without engaging in a meaningful dialogue with Appellant before accepting the plea.**

{¶5} In his second assignment of error, Johnson argues that the trial court erred by accepting his guilty plea without ensuring that it was entered in a knowing, intelligent, and voluntary manner. We agree.

{¶6} "A plea is invalid when it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Karmasu*, 9th Dist. Summit No. 25210, 2011-Ohio-3253, ¶ 33, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. "The procedure to be followed in a misdemeanor plea depends on the classification of the offense." *State v. Klingsbergs*, 9th Dist. Wayne No. 10CA0044, 2011-Ohio-6509, ¶ 7, citing Crim.R. 11(D), (E). Since making false alarms is a first-degree misdemeanor with a maximum jail term of 180 days, it is considered a petty offense. *See* Crim.R. 2(D); *Klingsbergs* at ¶ 7. Pursuant to Crim.R. 11(E), "[i]n misdemeanor cases involving petty offenses the court * * * shall not accept [a guilty plea] without first informing the defendant of the effect of the plea[.]"

{¶7} "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, paragraph two of the syllabus; *see also State v. Beach*, 9th Dist. Summit Nos. 26021, 27124, 2015-Ohio-3445, ¶ 30. Since Johnson pled guilty to the charge in this matter, the trial court consequently had to inform him, under Crim.R. 11(B)(1), that "[t]he plea of guilty is a complete admission of the defendant's guilt." While "[l]iteral compliance with Crim.R. 11 is preferred," such compliance is not required when the trial court informs the defendant of a nonconstitutional right, *Beach* at ¶ 31, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29-32, such as "[t]he right to be informed that a guilty plea is a complete admission of guilt," *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶

12. Consequently, in cases involving the trial court's explanation of the effect of a guilty plea, we must only engage in "a substantial compliance analysis." *Griggs* at ¶ 12.

{¶8} Under this standard of review, "a slight deviation from the text of the rule is permissible[] so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). If the trial court did not substantially comply with Crim.R. 11 when addressing a nonconstitutional right, we "must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Id*. at ¶ 32. When the trial court partially complies with the rule, the defendant must demonstrate prejudice. *Id*. But, the trial court's "complete failure to comply with the rule will result in [the vacating] of the plea, regardless of whether prejudice has been shown." *Beach* at ¶ 31, citing *Clark* at ¶ 32; *see also Cleveland v. Adams*, 8th Dist. Cuyahoga No. 97523, 2012-Ohio-1063, ¶ 9 (determining that defendant convicted of petty offense misdemeanor need not demonstrate prejudice when the trial court "completely fails to comply with [Crim.R. 11]").

{¶9} The transcript of the change of plea hearing in this matter reflects the following proceedings:

> The Court: Mr. Duane Johnson, who's in custody. Sir, I just want to let you know that I'm writing this offer up just as it shows. I'm going to give you credit time served for your plea of guilty to making false alarms and you'll be finished with your case today, okay.
> All right. Why don't you come on out? Sir, I just wanted to let you know that I'm writing this plea up as the plea offer states and giving you credit time served for the time that you've spent in jail, okay, and you'll be released today.
>
> Johnson: Today I go home?
>
> The Court: Today you go home.
>
> Johnson: [Inaudible].

The Court: Today you go home.

Johnson: [Inaudible].

The Court: All right. Okay. My bailiff is writing a letter to that effect.

The transcript does not include any other dialogue between Johnson and the trial court.

**{¶10}** Our review of this transcript reveals a complete absence of any discussion indicating that the trial court informed Johnson about the effect of his plea. The only dialogue involved the trial court confirming that Johnson would be released from jail after the change of plea hearing concluded. Indeed, the trial court did not even ask Johnson whether he pled guilty to the charge nor did Johnson enter his guilty plea in open court.[1] *See Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 13 ("At its most basic level, the court failed to comply with Crim.R. 11 because it failed to even take the plea of no contest from [the defendant]."). Due to the lack of any indication in the record that the trial court informed Johnson of the effect of his guilty plea, we determine that there is a complete lack of compliance with Crim.R. 11. In light of this, there is no need for Johnson to demonstrate prejudice from the trial court's noncompliance with Crim.R. 11. *See Adams* at ¶ 8-9 (determining that the trial court completely failed to "strictly or substantially" comply with Crim.R. 11 since "[a] review of the transcript * * * reveals that the trial court did not advise [the defendant] of the effect of the no contest pleas"). As a result, we conclude that Johnson's guilty plea was invalid and that his conviction must be reversed.

**{¶11}** Accordingly, we sustain Johnson's second assignment of error and reverse his conviction.

---

[1] We also note that the trial court failed to make a finding of guilt in open court and failed to pronounce sentence while Johnson was physically present in the courtroom.

**Assignment of Error I**

**The trial court erred to the detriment of Appellant Johnson's constitutional due process right to an appeal of his conviction by failing to preserve a record of a transcript of proceedings.**

**Assignment of Error III**

**The trial court erred in denying Appellant Johnson's motion to vacate his guilty plea.**

{¶12} Our resolution of Johnson's second assignment of error renders his remaining assignments of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶13} Having sustained Johnson's second assignment of error, the Akron Municipal Court's judgment of conviction and sentence is hereby reversed. This matter is remanded for the trial court to vacate Johnson's guilty plea and for other proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

MOORE, P. J.
<u>CONCURRING.</u>

**{¶14}** Given the particular circumstances of this case, including the extremely brief colloquy at which the trial court failed to inform Mr. Johnson of the effect of his guilty plea, I agree that Mr. Johnson's plea must be vacated and the matter remanded for further proceedings.

<u>APPEARANCES:</u>

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, GERTRUDE E. WILMS, Chief City Prosecutor, and ELISA B. HILL, Assistant City Prosecutor, for Appellee.