[Cite as *State v. Shelton*, **2019-Ohio-1694.**]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      18CA011368 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY SHELTON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.      18CR097694 |

DECISION AND JOURNAL ENTRY

Dated: May 6, 2019

HENSAL, Judge.

{¶1}  Anthony Shelton appeals his sentence for aggravated robbery in the Lorain County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  Along with two others, Mr. Shelton participated in the armed robbery of a gas station convenience store.  Following his arrest, Mr. Shelton pleaded guilty to one count of aggravated robbery.  After the State requested that the court sentence Mr. Shelton to at least four years imprisonment, it sentenced him to five.  Mr. Shelton has appealed, challenging his sentence.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO CONSIDER WHETHER ITS SENTENCE UTILIZED THE MINIMUM SANCTIONS NECESSARY TO ACCOMPLISH THE GOALS OF SENTENCING WITHOUT UNNECESSARILY BURDENING GOVERNMENTAL RESOURCES.

{¶3}    Mr. Shelton argues that the trial court failed to consider whether the sentence it imposed was the minimum necessary to accomplish the goals of sentencing.  He notes that he accepted responsibility for his participation in the robbery.  He also notes that the court indicated that, if he does well in prison, it would look very favorably on a motion for judicial release.  He notes that, because his sentence is five years, he is not eligible for judicial release until he serves four years.  If the court had sentenced him to four years, however, he would be eligible for judicial release after 180 days.  According to Mr. Shelton, a sentence of four years, as the State suggested, would have provided the court with more flexibility about when he was rehabilitated enough to be released.

{¶4}    In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5}    A sentencing court has "full discretion to impose a prison sentence within the statutory range" and is not "required to make findings or give their reasons for imposing * * * more than the minimum sentence[ ]."  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.

> [N]evertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case.  Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance

in considering factors relating to the seriousness of the offense and recidivism of the offender.

*State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶6} Mr. Shelton argues that the trial court failed to properly consider Revised Code Section 2929.11(A), which provides that the purpose of felony sentencing is to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender[.]" It also provides that the sentencing court should use "the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Mr. Shelton acknowledges that the trial court stated that it had considered Section 2929.11, but questions whether it followed the section's directives.

{¶7} Upon review of the appellate record, we note that the presentence investigation (PSI) report that was discussed during the sentencing hearing has not been made part of the record. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. "[If] an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm." *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6, quoting *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6.

{¶8} The information contained in the PSI report would have directly influenced the court's assessment of the minimum sentence required to fulfill the purposes of felony sentencing. Accordingly, without the context that the PSI report might provide, we cannot conclude that

there is clear and convincing evidence in the record that Mr. Shelton's sentence is contrary to law. R.C. 2953.08(G)(2). Mr. Shelton's assignment of error is overruled.

III.

{¶9} Mr. Shelton's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GERALD M. SMITH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.