[Cite as *State v. Collins*, 2020-Ohio-317.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JAMES (JAMIE) COLLINS

    Appellant

C.A. No.    19CA011462

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR95076

DECISION AND JOURNAL ENTRY

Dated: February 3, 2020

---

CARR, Judge.

{¶1} Defendant-Appellant James Collins appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In November 2016, an indictment was filed charging Collins with one count of felonious assault, four counts of endangering children, and one count of domestic violence. In December 2017, a supplemental indictment was filed charging Collins with three additional counts of felonious assault, three additional counts of endangering children, and three additional counts of domestic violence. It was alleged that, during 2016, Collins had repeatedly abused her boyfriend's three-year old daughter.

{¶3} In October 2018, Collins entered a guilty plea to the indictment. A presentence investigation ("PSI") report was ordered. Both the State and Collins filed a sentencing memorandum. At the sentencing hearing, the trial court heard from Collins, Collins' counsel, the

State, the victim's caseworker, the victim's maternal grandfather, and the victim's mother. The trial court sentenced Collins to an aggregate term of 26 years in prison.

{¶4} Collins moved for leave to file a delayed appeal, which this Court granted. Collins has raised four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA AFTER IMPROPERLY INSTRUCTING ON THE EFFECT OF SAID PLEA DURING THE CRIMINAL RULE 11 COLLOQUY[.]

{¶5} Collins argues in her first assignment of error that the trial court erred in accepted her guilty plea as the trial court failed to inform her that her guilty plea was a complete admission of her guilt. *See* Crim.R. 11(B); *see also* Crim.R. 11(C)(2)(b).

{¶6} "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." (Internal quotations and citation omitted.) *State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 7. Because Collins pleaded guilty to the charges in this matter, the trial court consequently had to inform her, that "[t]he plea of guilty is a complete admission of the defendant's guilt." *Id.*, quoting Crim.R. 11(B). "While [l]iteral compliance with Crim.R. 11 is preferred, such compliance is not required when the trial court informs the defendant of a nonconstitutional right, such as [t]he right to be informed that a guilty plea is a complete admission of guilt[.]" (Internal quotations and citations omitted.) *Id.* "Consequently, in cases involving the trial court's explanation of the effect of a guilty plea, we must only engage in 'a substantial compliance analysis.'" *Id.*, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

**{¶7}** "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of h[er] plea and the rights [s]he is waiving, the plea may be upheld." (Internal quotations and citation omitted.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. "When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." (Emphasis omitted.) *Id.* at ¶ 32. "If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated." *Id.*

**{¶8}** At the plea hearing, the trial court asked Collins if she wished to change her plea to guilty to the charges in the indictment. Collins responded that she did. Contrary to Collins' argument on appeal, the trial court then described each of the 15 counts and listed the possible penalties. After a discussion of Collins' constitutional rights, the trial court had the following colloquy with Collins:

> [Trial court:] Now, since you are entering a plea of guilty, we are not going to have a trial obviously. And if there's no trial, your rights to appeal a sentence that I impose, those rights are more limited now. Do you understand that?
>
> In other words, you can't say, well, I'm going to appeal because I'm not guilty, because you are making an admission here today of guilt. Do you understand that?
>
> [Collins:] Yes, Your Honor.
>
> * * *
>
> [Trial court:] When someone comes to court, Ms. Collins, and says, Judge, I want to change my plea from not guilty to guilty, you are making an admission to me on the record. You are saying, you know, Judge, I am taking responsibility for

violating the law and I am willing to give up my constitutional right to have a trial and all these other rights you have just gone over on the record with me. I just want to get the case over with, put it behind me and try to move on with my life.

Is that a pretty fair summary of what you understand?

[Collins:] Yes, Your Honor.

{¶9} The trial court then discussed the written plea form, which Collins acknowledged signing. Collins stated that she reviewed the agreement with counsel, that counsel explained it to her, and that she read every word of it. That agreement included a statement that Collins' counsel explained the consequences of her plea. At the end of the colloquy, the trial court accepted Collins' plea and found that Collins "underst[ood] the nature of the charges, the effect of her plea, as well as the maximum penalties which could be imposed."

{¶10} Here, while the trial court did not use the exact language from Crim.R. 11(B), we conclude that it substantially complied with the required notification. *See Clark* at 31. The trial court informed Collins that she was "making an admission here today of guilt[,]" while Crim.R. 11(B) provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." Considering the totality of the circumstances, we conclude that Collins subjectively understood the implications of her plea and the rights she was waiving. *See id.* Moreover, even if we were to conclude that the trial court only partially complied with the required notification, Collins has not set forth any argument demonstrating that she was prejudiced. *See id.* at ¶ 32.

{¶11} Collins' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW APPELLANT TO RESPOND TO OR REBUT THE NEW MATERIAL INTRODUCED DURING THE VICTIM IMPACT STATEMENT AS REQUIRED UNDER R.C. 2930.14(B)[.]

{¶12} Collins argues in her second assignment of error that the trial court erred in failing to allow her to respond to new information introduced during the victim impact statement at the sentencing hearing. Collins argues that the trial court improperly relied upon statements made by the victim's caseworker.

{¶13} In support of her argument, Collins points to R.C. 2930.14(B), which states:

The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.

{¶14} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. This Court is unable to properly review this assignment of error, however, as the record does not contain the PSI report, which the trial court considered in imposing sentence. Accordingly, we cannot determine whether the facts allegedly relied upon by the trial court were in fact "new material facts" as required by the statute. *See* R.C. 2930.14(B). "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal. [If] an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm." (Internal citations and quotations omitted.) *State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 7. Given the foregoing, Collins has not demonstrated that the trial court erred in imposing the sentence.

{¶15} Collins' second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE PRINCIPLES OF SENTENCING PURSUANT TO R.C. 2929.11, AND WHEN IT FAILED TO BALANCE THE FACTORS OF SERIOUSNESS AND RECIDIVISM PURSUANT TO R.C. 2929.12(D) AND R.C. 2929.12(E) PRIOR TO SENTENCING[.]

{¶16} Collins argues in her third assignment of error that the trial court failed to consider the principles and purposes of sentencing and failed to balance the seriousness and recidivism factors in sentencing her.

{¶17} First, the sentencing transcript makes it clear that the trial court considered the principles and purposes of sentencing outlined in R.C. 2929.11. The trial court, prior to sentencing Collins, specifically listed several of the considerations set forth in R.C. 2929.11. As to Collins' claim that the trial court failed to appropriately balance the recidivism factors in R.C. 2929.12, this Court is unable to properly review this assignment of error as well. As discussed above, the trial court utilized the PSI report in fashioning Collins' sentence and that report is not part of this Court's record on appeal. "[W]ithout the context that the PSI report might provide, we cannot conclude that there is clear and convincing evidence in the record that [Collins'] sentence is contrary to law." *Shelton*, 2019-Ohio-1694, ¶ 8. Given the incomplete record before us, we are required to presume regularity in the trial court's proceedings and overrule this assignment of error. *See id.* at ¶ 7.

{¶18} Collins' third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT MITIGATION AT THE TIME OF SENTENCING[.]

{¶19} Collins argues in her fourth assignment of error that her trial counsel was ineffective in failing to present mitigation evidence at the time of sentencing.

{¶20} In order to prevail on a claim of ineffective assistance of counsel, Collins must show that trial "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Collins must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Collins must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶21} Collins alleges that "[t]rial counsel failed to mitigate any of the factors set forth in R.C. 2929.12 or present any evidence in mitigation prior to the trial court imposing sentence." Additionally, she asserts that, "[a]lthough trial counsel mentioned that Appellant had completed programs, he did not highlight any of the factors that showed that Appellant's recidivism was low and that community control would not demean the seriousness of the offense and would adequately protect the public."

{¶22} Collins fails to acknowledge that her trial counsel submitted a sentencing memorandum on her behalf that contained numerous attachments including, inter alia, letters of support, certificates from programs that she had completed, employment records, and records demonstrating that Collins paid child support for her own children. When trial counsel was given the opportunity to speak at the hearing, he brought this filing to the trial court's attention. In addition, at the beginning of the hearing, the trial court noted that it had just received a packet of additional information from trial counsel that the trial court took the time to review prior to commencing the hearing. Assuming that packet is different from trial counsel's sentencing

memorandum, which was filed a couple days before the sentencing hearing, that packet is also not part of this Court's record.

{¶23} Collins has not detailed what additional information trial counsel should have presented on her behalf nor has she developed an argument as to how trial counsel's behavior prejudiced her. *See* App.R. 16(A)(7). Further, in light of the absence of the PSI report, which the trial court considered during sentencing, this Court cannot properly review whether anything trial counsel did or did not do prejudiced Collins. *See Shelton*, 2019-Ohio-1694, at ¶ 8.

{¶24} Collins' fourth assignment of error is overruled.

III.

{¶25} Collins' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JOSEPH C. PATITUCE, BETHANY R. STEWART, and CATHERINE R. MEEHAN, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.