[Cite as *State v. Jones*, 2017-Ohio-1181.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010801 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN JONES | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15-CR-090872 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Kevin D. Jones, appeals the sentence imposed by the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} Officers from the Elyria Police Department arrested Jones in the early morning hours of December 16, 2014, after Jones entered his girlfriend's apartment and beat her in front of their infant daughter. As a result of this incident, the Lorain County Grand Jury indicted Jones on the following four offenses: (1) aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; (2) felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; (3) menacing by stalking in violation of R.C. 2903.211(A)(1), a fourth-degree felony; and (4) domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. Jones entered a not guilty plea to each of the charges contained in the indictment. Jones waived his right to a jury trial and the matter proceeded as a trial to the bench.

{¶3} At the conclusion of the trial, the trial court found Jones guilty on all counts contained in the indictment. At the sentencing hearing, the trial court determined that the domestic abuse count merged with the felonious assault count for purposes of sentencing. The trial court then proceeded to sentence Jones to three years in prison on the aggravated burglary count and six years in prison on the felonious assault count. The trial court ordered that those sentences be served consecutively, but specifically avoided determining whether the sentence was mandatory under R.C. 2929.13(F)(6). The trial court also sentenced Jones to seven months in prison on the menacing by stalking count, but ordered that sentence to be served concurrently with the aggravated burglary count. In sum, the trial court sentenced Jones to nine years in prison and ordered that the sentence in this case be served consecutively to the sentences imposed in Jones's other criminal cases that are not relevant to this appeal.

{¶4} Jones filed this timely appeal, raising one assignment of error for this Court's review.

II.

**Assignment of Error**

**The trial court violated Mr. Jones's right to due process by declining to rule on whether Mr. Jones's prior juvenile adjudication is a conviction for purposes of R.C. 2929.13(F)(6), and the court should decide whether Mr. Jones's prior juvenile adjudication is a conviction for purposes of R.C. 2929.13(F)(6).**

{¶5} In his sole assignment of error, Jones argues that the trial court erred by explicitly refusing to determine whether his prior delinquency adjudication constituted a conviction for purposes of R.C. 2929.13(F)(6).[1] Particularly, Jones contends that the trial court's abstention in

---

[1] R.C. 2929.13(F)(6) requires the trial court to impose a mandatory sentence "if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or

this regard was erroneous because the resolution of this issue necessarily dictates whether his nine-year prison sentence in this matter is mandatory, or whether he will be eligible for judicial release. We disagree with Jones's argument since we determine that the trial court's indecision constitutes harmless error.

**{¶6}** R.C. 2929.19(B)(2)(a) provides that, "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term." In this case, the trial court determined that a prison term was appropriate. The trial court then proceeded to sentence Jones to a nine-year term of imprisonment, but purposefully avoided determining whether this prison term was mandatory.

**{¶7}** It is axiomatic that a court speaks through its journal entries. *State v. Ellington*, 36 Ohio App.3d 76, 77–78 (9th Dist.1987). Here, the trial court's sentencing entry does not indicate whether or not Jones's prison sentence is mandatory. R.C. 2929.19(B)(7) provides that "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences." Thus, pursuant to this section, upon the trial court's failure to comply with R.C. 2929(B)(2)(a), the appropriate remedy is to require the trial court to notify the defendant as to whether or not the imposed sentence is mandatory. *See State v. Benitez-Maranon*, 9th Dist. Summit Nos. 26461, 26659, 2014-Ohio-3575, ¶ 15.

---

the United States that is or was substantially equivalent to one of those offenses[.]" It is undisputed that Jones was adjudicated as a juvenile delinquent in 2002 for an offense contained in R.C. 2929.13(F)(6).

{¶8} However, since the time of Jones' sentencing hearing, the Supreme Court of Ohio issued its decision in *State v. Hand*, Slip Opinion No. 2016-Ohio-5504, a case that considered the exact issue implicated in this matter. In *Hand*, the court held that "it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult." *Id*. at ¶ 37. In so holding, the Court explained that "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *Id*. at ¶ 38. Thus, in light of *Hand*, we determine that the trial court's refusal to decide whether or not Jones' prison sentence was mandatory amounts to harmless error, since Jones' delinquency adjudication cannot constitute a conviction for purposes of R.C. 2929.13(F)(6) as a matter of law. And, since the trial court did not tell Jones that his prison sentence was mandatory at the sentencing hearing and did not sentence him to mandatory time in the sentencing entry, there is no deficiency in the record that requires correction.

{¶9} Accordingly, Jones's assignment of error is overruled.

III.

{¶10} Jones's sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.