[Cite as *State v. Burden*, 2017-Ohio-4420.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 28367 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CURTIS BURDEN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2015 12 3949(A) |

DECISION AND JOURNAL ENTRY

Dated: June 21, 2017

TEODOSIO, Judge.

{¶1} Appellant, Curtis Burden, appeals from his sentence in the Summit County Court of Common Pleas. We affirm.

I.

{¶2} Mr. Burden pled guilty in the Summit County Court of Common Pleas to pandering obscenity involving a minor, a felony of the second degree, for viewing and disseminating graphic child pornography online, including the sexual assault and torture of children. He also created an online chat room to share these pictures and videos. The trial court sentenced him to six years in prison.

{¶3} Mr. Burden now appeals from his sentence and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE SIX-YEAR PRISON TERM RENDERED BY THE TRIAL COURT IS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD IN VIOLATION OF R.C. [2929.11] AND R.C. [2929.12]. []

{¶4} In his first assignment of error, Mr. Burden argues that his sentence is contrary to law, not supported by the record, and must be vacated. We disagree.

{¶5} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶6} Mr. Burden argues that the trial court only briefly mentioned weighing the sentencing factors and seemed to indicate the sentence was based on an aggravating factor making this the worst form of the offense. He also argues that the court did not mention any other sentencing factors in R.C. 2929.11 or R.C. 2929.12, including mitigating factors that would make the offense less serious, except for the fact that Mr. Burden had no prior criminal history.

{¶7} When a presentence investigation report is requested in a case, "there is a presumption that the trial court utilized it in imposing a sentence." *State v. Cox*, 9th Dist. Summit No. 19773, 2000 WL 372317, *2 (Apr. 12, 2000). However, the presentence investigation report and the psychosexual evaluation have not been included in the record for our review. "It is the appellant's responsibility to ensure that the record on appeal contains all

matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Id.* The presentence investigation report and the psychosexual evaluation are necessary to enable this Court to properly review Mr. Burden's sentence. Thus, in light of the absence of these documents in the record before us, we must presume regularity in the proceedings below. *See id.*

{¶8} Mr. Burden's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN DENYING CURTIS BURDEN HIS RIGHT TO ALLOCUTE AT HIS SENTENCING HEARING IN VIOLATION OF OHIO RULES OF CRIMINAL PROCEDURE 32(A)(1). []

{¶9} In his second assignment of error, Mr. Burden argues that the trial court erred by indicating that he was going to be sentenced to prison before asking if he wished to make a statement on his own behalf. We disagree.

{¶10} Crim.R. 32(A)(1) states, in part, that "[a]t the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St.3d 670, 684 (1998). "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-360 (2000). "Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of

allocution when it personally addresses the defendant and asks whether he has anything to say."

*State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14.

{¶11}  During Mr. Burden's sentencing hearing, the trial court addressed some spectators in the back of the courtroom as follows:

> THE COURT: And with all due respect, just going to say - - I don't know who you folks are in the back of the room.  I don't know what was going on in that house.  I don't know how it is a young man 19 years old is able to do anything for 20 hours a day.  I don't want to hear from you.  I don't know how a young 19-year-old guy is permitted to do anything for 20 hours a day, anything.
>
> There were many - - and, you know, I see tears and I see sadness, and *he is going away to prison*.  People are sad, and maybe we all should look into our own hearts and own mind[s], and [] think about what responsibility we all take for what is happening here today.

(Emphasis added.).  In explaining the duties to register as a sex offender and briefly summarizing post-release control to Mr. Burden, the trial court made several mentions of "when you get out of prison" and how Mr. Burden could be sent "back" to prison.

{¶12}  The court then personally addressed Mr. Burden and offered him the opportunity to speak prior to sentencing:

> THE COURT: So, Mr. Burden, what do you want to say?
>
> THE DEFENDANT: I know what I did was wrong, and I'm hoping I get the help I need.
>
> THE COURT: I just don't know what help that would be.  One thing about our prison system is we do not have significant programming inside the institutions for surely this kind of issue.
>
> * * *
>
> I don't have any recognition about the profound nature of what it is you have done.  Why don't you think you can't express that?
>
> THE DEFENDANT: I don't know.  I just don't - - honestly don't know.  I know there is something wrong with me.  I just find a way to fix it.

The court also inquired into Mr. Burden's ability to read and write before ultimately sentencing him to six years in prison.

{¶13} We cannot conclude that the trial court's comments regarding prison during the sentencing hearing effectively denied Mr. Burden his right to allocution. A review of the record shows that the trial court personally addressed Mr. Burden multiple times throughout the hearing and gave him the opportunity to speak on his own behalf prior to imposing his sentence. Moreover, a sentence is not finalized until the trial court files its sentencing entry and, up until that time, anything it says about what that sentence will be is tentative. *See State v. Maynard*, 9th Dist. Medina No. 07CA0116-M, 2009-Ohio-282, ¶ 45. It would be illogical to suggest that a trial court is prohibited from beginning the process of deciding whether a sentence will include incarceration until the very instant that it announces the sentence. *See id.*

{¶14} Because the trial court issued a personal invitation to Mr. Burden to speak before imposing his sentence, we conclude that the court complied with Crim.R. 32(A)(1) and afforded Mr. Burden his right to allocution. *See State v. Clegg*, 9th Dist. Medina No. 13CA0055-M, 2014-Ohio-1331, ¶ 6.

{¶15} Mr. Burden's second assignment of error is overruled.

III.

{¶16} Mr. Burden's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ASHLEY L. JONES Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.