[Cite as *State v. Vasquez*, 2019-Ohio-5406.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     29422 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| FRANCISCO VASQUEZ | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR-2018-03-0989 |

## DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

TEODOSIO, Presiding Judge.

{¶1}   Appellant, Francisco Vasquez, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Mr. Vasquez sexually assaulted his biological daughter ("K.V.") repeatedly when she was between the ages of six and twelve years old.  K.V.'s mother later discovered K.V.'s diary, which stated: "Don't touch or read, read only if I die."  Fearing for her daughter's safety, she read her daughter's diary, which recounted the years of sexual abuse K.V. suffered at the hands of her father as well as her suicidal thoughts.  K.V. had written a good-bye letter and a will, and had detailed her funeral plans, the extent of her organ donations, and the type of grave she wanted.

{¶3}   Mr. Vasquez was indicted on seven counts of rape, seven counts of sexual battery, and seven counts of gross sexual imposition.  He eventually pled guilty to five counts of sexual

battery, all amended down to felonies of the third degree, and the remaining counts were dismissed. The trial court ordered a pre-sentence investigation report ("PSI"), victim impact statement, and psychosexual evaluation to be prepared. The court later sentenced Mr. Vasquez to five years in prison for each of the five counts and ordered those sentences to be served consecutively to each other, for a grand total of twenty-five years in prison.

{¶4} Mr. Vasquez now appeals from the trial court's judgment and raises two assignments of error for this Court's review. Because both assignments of error challenge his sentence and are overruled for the same reason, we will consolidate and address them together.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TWENTY-FIVE YEAR TERM OF INCARCERATION.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO SERVE CONSECUTIVE SENTENCES.

{¶5} In his assignments of error, Mr. Vasquez argues that the trial court erred in sentencing him to five-year prison terms for five counts of felony-three sexual battery, to be served consecutively for a total of twenty-five years in prison. Because the record on appeal is incomplete, we must presume regularity and overrule his assignments of error.

{¶6} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "An appellate court's standard for review of a felony sentence is not whether the sentencing court abused its discretion." *State v. Stevens*, 9th Dist.

Medina Nos. 16CA0033-M and 16CA0034-M, 2017-Ohio-5482, ¶ 10, citing R.C. 2953.08(G)(2). "The Supreme Court of Ohio has held that 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *Stevens* at ¶ 10, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶7} Upon review of the record, we note that certain documents have not been made part of the record on appeal. At Mr. Vasquez's sentencing hearing, the prosecutor and defense counsel both acknowledged their receipt and review of the PSI, victim impact statements, and psychosexual evaluation. The trial court also explicitly stated at sentencing that it had considered the PSI, victim impact statements, and psychosexual evaluation.

{¶8} "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Id.* The record before us does not contain documents necessary for appellate review, and we therefore cannot properly review Mr. Vasquez's sentence. *See State v. McShaffrey*, 9th Dist. Summit No. 28539, 2018-Ohio-1813, ¶ 25, citing *State v. Carmel*, 9th Dist. Summit No. 28463, 2017-Ohio-7589, ¶ 9. The information contained in these documents would have directly influenced the trial court's decisions regarding the sentences it imposed, and

without the context these documents might provide, we cannot conclude that there is clear and convincing evidence in the record the sentences are contrary to law. *See State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8, citing R.C. 2953.08(G)(2). Accordingly, we must presume regularity in the proceedings below and affirm. *See McShaffrey* at ¶ 25; *Carmel* at ¶ 9.

{¶9} Mr. Vasquez's first and second assignments of error are overruled.

III.

{¶10} Mr. Vasquez's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH C. PATITUCE and CATHERINE R. MEEHAN, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.