[Cite as *State v. Davis*, 2021-Ohio-1796.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29824 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARNELL DAVIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 20 01 0053 |

DECISION AND JOURNAL ENTRY

Dated: May 26, 2021

TEODOSIO, Judge.

{¶1}    Appellant, Darnell Davis, appeals from his sentence in the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Davis was indicted for having a weapon while under disability, under R.C. 2923.13(A)(2), which prohibits anyone who "has been convicted of any felony offense of violence" from "knowingly acquir[ing], hav[ing], carry[ing], or us[ing] any firearm" unless the person has been "relieved from disability under operation of law or legal process * * *."  The charge stemmed from an incident in which Mr. Davis, who was under disability at the time for a prior burglary[1] conviction, purchased a gun and some ammunition, and then fired the weapon off in his back yard.  Mr. Davis was also on community control at the time of the new offense, having

---

[1] Burglary in violation of R.C. 2911.12(A)(1)-(3) is considered an offense of violence.  *See* R.C. 2901.01(A)(9)(a).

been previously convicted of possession of cocaine and illegal use or possession of drug paraphernalia.

{¶3} Mr. Davis ultimately entered pleas of guilty to having a weapon while under disability and to violating the terms and conditions of his community control. The trial court found him guilty, ordered a pre-sentence investigation report ("PSI"), and set out sentencing for a later date. While awaiting sentencing, Mr. Davis submitted a positive drug test for tetrahydrocannabinol ("THC"). The court later sentenced him to 18 months in prison for having a weapon while under disability and, in turn, terminated his community control in the drug case.

{¶4} Mr. Davis now appeals from his sentence and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE SENTENCE IMPOSED BY THE TRIAL COURT IS INCONSISTENT WITH THE PRINCIPLES AND PURPOSES OF SENTENCING UNDER THE OHIO REVISED CODE AND THEREFORE IS CONTRARY TO LAW.

{¶5} In his sole assignment of error, Mr. Davis argues that the trial court imposed a sentence that was: (1) "harsher than necessary to achieve the overriding purposes of R.C. 2929.11" "without carefully considering any of the mitigating factors and the supplementary information that was provided by the defense * * *"; and (2) "excessive to achieve the goals of felony sentencing" as the offense "did not merit the length of the sentence * * *." Because the record on appeal is incomplete, we must presume regularity and overrule his assignment of error.

{¶6} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise

contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶7} "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing * * * more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 13, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶8} There is no dispute in this case that the trial court's sentence falls within the statutory sentencing range for violations of R.C. 2923.13(A)(2). *See* R.C. 2929.14(A)(3)(b) (setting forth definite prison terms of 9, 12, 18, 24, 30, or 36 months for certain felonies of the third degree). At the sentencing hearing, the trial court spoke on Mr. Davis' criminal history, which spanned a decade from 2010 to 2020, not including his juvenile record, which began at age 13 or 14. The court noted many suspended sentences and a failure to complete community control, along with the fact that Mr. Davis was on community control at the time of this offense. The court

stated: "[T]o not sentence you to prison would demean the seriousness of the offense and not adequately protect society from future criminal conduct by yourself. At some point in time, there's an accountability for your actions and today is that day."

{¶9} Likewise, the court's sentencing entry states that the court considered the record, oral statements, the principles and purposes of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, the need for deterrence, incapacitation, rehabilitation, and restitution. *Compare State v. Sapper*, 9th Dist. Summit No. 28696, 2018-Ohio-570, ¶ 8. The entry further states that the court was guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender, and punishment of the offender. The entry states that, upon consideration of the sentencing factors, the court found Mr. Davis was not amenable to community control, as community control would demean the seriousness of his conduct, while imprisonment is commensurate with the seriousness of his conduct. *Compare State v. Ford*, 9th Dist. Summit No. 28504, 2017-Ohio-9294, ¶ 16.

{¶10} Nevertheless, the record reflects that the trial court ordered a PSI to be prepared prior to sentencing Mr. Davis in this matter. "When a [PSI] is requested in a case, 'there is a presumption that the trial court utilized it in imposing a sentence.'" *State v. Burden*, 9th Dist. Summit No. 28367, 2017-Ohio-4420, ¶ 7, quoting *State v. Cox*, 9th Dist. Summit No. 19773, 2000 WL 372317, *2 (Apr. 12, 2000). The PSI has not been included in the record for our review. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This includes the PSI where appropriate. *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 WL 388909, *2 (Mar. 13, 2002). "This Court has consistently held that, where the appellant has failed to provide a complete record

to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Farnsworth* at ¶ 16. Because the record before us does not contain the PSI necessary for appellate review, we cannot properly review Mr. Davis' sentence. *See State v. Vasquez*, 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 8. Without the context the PSI might provide, we cannot conclude that there is clear and convincing evidence in the record the sentence is contrary to law. *See State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8, citing R.C. 2953.08(G)(2); *State v. Collins*, 9th Dist. Lorain No. 19CA011462, 2020-Ohio-317, ¶ 17. Accordingly, we must presume regularity in the proceedings below and affirm.

{¶11} Mr. Davis' sole assignment of error is overruled.

III.

{¶12} Mr. Davis' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.