[Cite as *State v. Morabith*, 2022-Ohio-3177.]

STATE OF OHIO        )                       IN THE COURT OF APPEALS
                             )ss:                   NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                             C.A. No.      21CA011778

       Appellee

       v.                                APPEAL FROM JUDGMENT
                                     ENTERED IN THE
KYLE MORABITH                     COURT OF COMMON PLEAS
                                     COUNTY OF LORAIN, OHIO
       Appellant                   CASE No.     19CR101711

DECISION AND JOURNAL ENTRY

Dated: September 12, 2022

SUTTON, Judge.

**{¶1}** Defendant-Appellant Kyle Morabith appeals from the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**{¶2}** Mr. Morabith was indicted on one count of aggravated vehicular homicide, a felony of the third degree, pursuant to R.C. 2903.06(A)(2)(a). The charge stemmed from an incident where Mr. Morabith, while operating his vehicle at a high rate of speed and in a reckless manner, lost control of the vehicle and crashed it. The crash killed his lifelong friend, V.B., who was in the passenger seat of the vehicle.

**{¶3}** Mr. Morabith initially entered a plea of not guilty, but later withdrew that plea. Instead, Mr. Morabith pleaded guilty to the sole count of the indictment on May 14, 2021. The trial court ordered a presentence investigation report ("PSI"), noting that while the court had some information about the incident, "this will be a much more thorough background and analysis of

what happened and [] will assist [the trial court] when it comes time to sentence [Mr. Morabith]." The trial court set a sentencing hearing for July 12, 2021.

{¶4}    At the July 12, 2021 sentencing hearing, Mr. Morabith was sentenced to four years in prison, but the trial court stated it would grant Mr. Morabith judicial release after one year if Mr. Morabith maintained a good record while in prison.  The trial court indicated that if Mr. Morabith was granted judicial release, he would be placed on probation and be required to perform 200 hours of community service speaking to church groups, high school students, and the Ohio State Highway Patrol's Driver Intervention Program.  Mr. Morabith was also ordered to pay restitution to V.B.'s family in the amount of $19,908.03.

{¶5}    Mr. Morabith now appeals from his sentence and raises three assignments of error for this Court's review.  The assignments of error have been grouped together to facilitate our analysis.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN IMPOSING A DISSIMILAR SENTENCE IN VIOLATION OF THE SIMILARITY REQUIREMENT IN R.C. 2929.11(B).**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UNSUPPORTED BY THE SENTENCING GUIDELINES, AS REQUIRED BY R.C. 2929.11(A) AND R.C. 2929.12.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN SENTENCING [MR. MORABITH] TO MORE THAN THE MINIMUM PRISON TERM PER R.C. 2929.14.**

{¶6}    In his three assignments of error, Mr. Morabith argues the trial court imposed a sentence that: (1) violated the similarity requirement of R.C. 2929.11(B); (2) was unsupported by

the sentencing guidelines as required by R.C. 2929.11(A) and R.C. 2929.12; and (3) was in error because it was more than the minimum prison term per R.C. 2929.14. However, because the PSI is not in the record, making the record on appeal incomplete, we must affirm the proceedings below and overrule his three assignments of error.

{¶7} The Ohio Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶8} "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing * * * more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 13, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶9} Mr. Morabith does not dispute that the trial court's sentence falls within the statutory sentencing range for violations of R.C. 2903.06(A)(2)(a). *See* R.C. 2929.14(A)(3)(b) (setting forth definite prison terms of 9, 12, 18, 24, 30, or 36 months for certain felonies of the third degree). At the sentencing hearing, the trial court noted Mr. Morabith's prior traffic offenses, stating "[Mr. Morabith] has had some issues with speed." The trial court, while addressing Mr. Morabith, also noted that the sentencing laws "tell us, as judges, to consider the youth of the offender if they are young because they don't - - they haven't lived long enough to have good judgment. You were 30 at the time[.] You were around long enough to know that this was hazardous, right? And I appreciate you sitting there and taking this like a man, but you knew better."

{¶10} The trial court then indicated on the record that it had considered the entire record, the oral and written statements, the PSI, and the principles and purposes of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the sentencing guidelines under R.C. 2929.13(B). The trial court indicated at the sentencing hearing, and in the sentencing entry, that the court found Mr. Morabith was not amenable to community control and a prison sentence was necessary, as "a community control sanction is inconsistent with the purposes and principles of sentencing in [R.C.] 2929.11."

{¶11} The record reflects that the trial court ordered a PSI to be prepared prior to sentencing Mr. Morabith in this matter. As this Court has previously noted, "[w]hen a [PSI] is requested in a case, 'there is a presumption that the trial court utilized it in imposing a sentence.'" *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10 citing *State v. Burden*, 9th Dist. Summit No. 28367, 2017-Ohio-4420, ¶ 7, quoting *State v. Cox,* 9th Dist. Summit No. 19773, 2000 WL 372317, *2 (Apr. 12, 2000). The PSI has not been included in the record for our review. As

the Ohio Supreme Court recently stated in *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 20: "[a] court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and [PSI] reports." Further, "[i]t is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This includes the PSI. *See Bryant, supra*; *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 WL 388909, *2 (Mar. 13, 2002). This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to affirm the trial court's judgment. *Farnsworth* at ¶ 16. Because the record before us does not contain the PSI necessary for appellate review, we cannot properly review Mr. Morabith's sentence. *See Bryant, supra*; *State v. Vasquez*, 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 8; *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10. Without the context the PSI might provide, we cannot conclude that there is clear and convincing evidence in the record the sentence is contrary to law. *See State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8, citing R.C. 2953.08(G)(2); *State v. Collins*, 9th Dist. Lorain No. 19CA011462, 2020-Ohio-317, ¶ 17.

{¶12} Accordingly, Mr. Morabith's three assignments of error are overruled.

III.

{¶13} Mr. Morabith's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.