[Cite as *State v. Clouser*, 2023-Ohio-1425.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DAVID A. CLOUSER

    Appellant

C.A. No.    22CA0051-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21CR0599

DECISION AND JOURNAL ENTRY

Dated: May 1, 2023

---

STEVENSON, Judge.

{¶1} Appellant, David Clouser, appeals from his sentence in the Medina County Common Pleas Court. We affirm.

I.

{¶2} Mr. Clouser was indicted by the Medina County Grand Jury in July 2021, on one count of telecommunications harassment in violation of R.C. 2917.21(A)(1)(C)(2), a felony of the fifth degree; one count of intimidation of an attorney, victim, or witness to a criminal offense, in violation of R.C. 2921.04(B)(2)(D), a felony of the third degree; and one count of violating a protection order, in violation of R.C. 2919.27(A)(1)(B)(3)(a), a felony of the fifth degree. Mr. Clouser was arraigned and entered a plea of not guilty.

{¶3} In March 2022, the Medina County Grand Jury filed a supplemental indictment charging Mr. Clouser with one count of violating a protection order, a violation of R.C. 2919.27(A)(1)(B)(2), a misdemeanor of the first degree. Count three was later amended to

attempted violation of a civil protection order, a violation of R.C. 2923.02(A)/2919.27(A)(1)(B)(3)(a), a misdemeanor of the first degree.

{¶4} In May 2022, the trial court held a change of plea hearing. Mr. Clouser withdrew his previous plea of not guilty and entered into a plea agreement with the State in which he pleaded guilty to counts one, two, and three, and no contest to count four. The trial court found Mr. Clouser guilty on count four. Mr. Clouser also agreed to a sentence of 18 months in prison with a 30-day bond beginning May 23, 2022. Mr. Clouser requested the bond so that he could spend time with his seven-year-old daughter who was scheduled for surgery. The agreed sentence was contingent on Mr. Clouser's compliance with the conditions of the bond. If he failed to comply, he would receive the maximum sentence of 36 months.

{¶5} The conditions of the bond were that Mr. Clouser do the following: remain on electronic monitoring and house arrest, stay away from specified addresses, reside at 147 Seiberling St., Akron, OH, have no contact with R.M., J.M., and A.B., and appear for sentencing on June 21, 2022, at 9:00 a.m. The court ordered a pre-sentence investigation ("PSI") report.

{¶6} On June 15, 2022, the State moved to revoke Mr. Clouser's bond, stating in support that on June 14, 2022, Mr. Clouser contacted the Adult Probation Department and said his electronic monitor would not charge. Mr. Clouser was instructed to report directly to Ohio Alcohol Monitoring Systems so he could get a new charger. Mr. Clouser did not do so and his monitor ceased operating, leaving no ability to track him. The trial court revoked his bond and issued a capias the same day.

{¶7} The matter came before the court for sentencing on July 15, 2022. The State informed the court that in addition to Mr. Clouser's electronic monitor being turned off, he had also violated other bond conditions. During the time his electronic monitor was off, Mr. Clouser

contacted one of the victims, R.M's boyfriend, and made a threatening statement to pass along to R.M. that he still had her keys and knew where she was. The State also noted that the PSI contained five pages of Mr. Clouser's prior convictions.

{¶8} The trial court found that Mr. Clouser broke his bond conditions and sentenced him to a prison term of 12 months on count one, a prison term of 36 months on count two, a jail sentence of 180 days on count three, and a jail sentence of 180 days on count four, to be served concurrently with each other. Mr. Clouser was given credit for 107 days served. He was advised of his post-release control.

{¶9} Mr. Clouser timely appeals his sentence and raises one assignment of error for our review. Because the record on appeal is incomplete, we must presume regularity and overrule his assignment of error.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM JAIL AND PRISON TERMS WHEN CLEARLY AND CONVINCINGLY THE RECORD FAI[L]ED TO SUPPORT ITS FINDINGS AND FURTHER ABUSED ITS DISCRETION WHEN THE APPELLANT AND STATE HAD REACHED AN AGREEMENT FOR AN EIGHTEEN MONTH SENTENCE.**

{¶10} In his single assignment of error, Mr. Clouser argues that the trial court's sentence of the maximum 36 months instead of the agreed 18 months was unsupported by the record and not warranted. Mr. Clouser requests that this Court vacate his sentence.

{¶11} As an initial matter, we note that Mr. Clouser incorrectly states that the standard of appellate review is abuse of discretion. The Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that

the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶12} Trial courts may impose a prison sentence within the statutory range and are not "required to make findings or give their reasons for imposing * * * more than minimum sentences." *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 13, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d, 2008-Ohio-4912, ¶ 18, fn. 4.

{¶13} "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08-CA-11, 2009-Ohio-2071, ¶ 34.

**{¶14}** Of the four counts included in Mr. Clouser's sentence, intimidation in violation of R.C. 2921.04(B)(2)(D), a third-degree felony, was the highest degree of offense charged and carried the 36-month prison sentence. There is a presumption that a prison term would be imposed for a felony of the third degree. R.C. 2907.05(C)(2). Mr. Clouser's sentence falls within the range of options under R.C. 2929.14(A)(3)(b) (definite prison terms of nine, twelve, eighteen, twenty-four, or thirty-six months). Therefore, Mr. Clouser's sentence is not contrary to law as it was squarely within the specified sentencing range.

**{¶15}** The trial court ordered a PSI. "When a PSI is requested in a case, 'there is a presumption that the trial court utilized it in imposing a sentence.'" *State v. Burden*, 9th Dist. Summit No. 28367, 2017-Ohio-4420, ¶ 7, quoting *State v. Cox,* 9th Dist. Summit No. 19773, 2000 WL 372317, at *2 (Apr. 12, 2000). However, the PSI was not included in the record for our review. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This includes the PSI where appropriate. *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 WL 388909, at *2 (Mar. 13, 2002). "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Farnsworth* at ¶ 16.

**{¶16}** Assuming without deciding whether Mr. Clouser's argument is properly before us on appeal from his agreed upon sentence, *see* R.C. 2953.08(D)(1), this Court is unable to review the merits of his argument because the record before us does not contain the PSI necessary for appellate review. *See State v. Vasquez*, 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 8. "Without the context the PSI might provide, we cannot conclude that there is clear and convincing

evidence in the record the sentence is contrary to law." (Internal citations omitted.) *State v. Elek*, 9th Dist. Summit No. 20CA011611, 2023-Ohio-41, ¶ 37, citing *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10. We must presume regularity in the proceedings below and affirm. Accordingly, Mr. Clouser's assignment of error is overruled.

III.

**{¶17}** Mr. Clouser's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.