[Cite as *State v. Jaycox*, 2023-Ohio-2009.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 22CA0032-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRETT M. JAYCOX | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CR0907 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Brett Jaycox appeals from the judgment of the Medina County Court of Common Pleas. For the reasons that follow, we affirm.

I.

{¶2} A Medina County grand jury indicted Mr. Jaycox on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3), a felony of the third degree, and one count of having weapons while under a disability in violation of R.C. 2923.13(A)(3)(B), a felony of the third degree. Mr. Jaycox pleaded not guilty to both counts.

{¶3} After the State amended the indictment to dismiss the weapons charge, Mr. Jaycox entered into a plea agreement and pleaded guilty to an amended charge of disseminating matter harmful to juveniles in violation of R.C. 2907.031(A)(1), a felony of the fifth degree. The State recommended to the trial court a six-month jail sentence, with credit for time served. The trial court subsequently did not sentence Mr. Jaycox to a definite jail term. Instead, the trial court

ordered Mr. Jaycox to undergo an assessment at the Lorain/Medina CBCF. The trial court also sentenced Mr. Jaycox to five years of community control, with mental health and substance abuse assessments and monitoring as part of his community control. The record shows that Mr. Jaycox did not move the trial court to credit him for any jail-time served prior to sentencing.

{¶4} It is from that sentencing entry Mr. Jaycox now appeals, assigning two errors for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT, [MR.] JAYCOX, ANY JAIL-TIME CREDIT AND IN NOT MAKING ANY FINDING OF JAIL TIME CREDIT WHEN IMPOSING SENTENCE IN THIS CASE.**

{¶5} In his first assignment of error, Mr. Jaycox argues the trial court erred in not granting him any jail-time credit and in not making a finding of jail-time credit when imposing a sentence in this case. For the reasons that follow, we disagree.

{¶6} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. As the Supreme Court has noted: "our own precedent and that of the federal courts establishes that the failure to provide jail-time credit may raise equal-protection concerns *in some* circumstances." (Emphasis added.) *State v. Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, ¶ 26.

{¶7} Here, Mr. Jaycox argues the trial court erred in not crediting him 178 days of jail-time credit for the time he spent in custody after being arrested. However, the trial court did not sentence Mr. Jaycox to any period of incarceration. Therefore, no Equal Protection violation has occurred.

**{¶8}** While the trial court informed Mr. Jaycox that it would sanction Mr. Jaycox with a 12-month prison sentence in the event that Mr. Jaycox violated the terms of his prison control, Mr. Jaycox retains the right to file a motion in the trial court to correct the sentencing error at the time of such violation, or at any time of his choosing. *See* R.C .2929.19(B)(2)(g)(iii); *State v. Ladow*, 9th Dist. Summit No. 29646, 2020-Ohio-3954, ¶ 4 ("Under R.C. 2929.19(B)(2)(g)(iii), a sentencing court retains jurisdiction to correct any error in a jail-time credit calculation not previously raised at sentencing. An offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion."). (Internal quotations and citations omitted.)

**{¶9}** Therefore, because Mr. Jaycox has not shown the trial court denied any request for jail-time credit, we find Mr. Jaycox's first assignment of error is overruled on that basis.

<u>**ASSIGNMENT OF ERROR II**</u>

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. JAYCOX] BY SENTENCING HIM TO LORAIN/MEDINA CBCF AND AN ADDITIONAL FIVE YEARS COMMUNITY CONTROL AS SAID SENTENCE IS EXCESSIVE AND CONSTITUTES AN ABUSE OF DISCRETION BY THE COURT.**

**{¶10}** In his second assignment of error, Mr. Jaycox argues the trial court imposed a sentence that did not properly consider all of the sentencing factors under R.C. 2929.11. For the reasons that follow, we disagree.

**{¶11}** The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2).

"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶12} "A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence investigation reports." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 20. *See also State v. Morabith*, 9th Dist. Lorain No. 21CA011778, 2022-Ohio-3177, ¶12; *State v. McClellan*, 9th Dist. Summit No. 30007, 2022-Ohio-4791, ¶13. Further, "[i]t is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. *See also* App.R. 9. This includes the presentence investigation reports ("PSI"). *See Bryant, supra*; *State v. McLeod*, 9th Dist. Summit No. 20757, 2002 WL 388909, *2 (Mar. 13, 2002). This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to affirm the trial court's judgment. *Farnsworth* at ¶ 16.

{¶13} Here, the trial court's sentencing entry indicates that the trial court "ordered a presentence investigation prior to sentencing." However, a review of the transcript of the change in plea hearing does not indicate a PSI was ordered. Additionally, the PSI was not referenced at sentencing. We have to assume a presentence investigation report was considered by the trial court because "[a] trial court speaks through its journal entries" and the trial court specifically indicated it had reviewed a PSI. *State v. Green*, 9th Dist. Summit No. 29777, 2021-Ohio-2222, citing *State v. Jones*, 9th Dist. Lorain No. 15CA010801, 2017-Ohio-1181, ¶7 ("It is axiomatic that a court speaks through its journal entries.")

**{¶14}** Because the record before us does not contain the PSI necessary for appellate review, we cannot properly review Mr. Jaycox's sentence. *See Morabith* at ¶ 12; *Bryant, supra*; *State v. Vasquez*, 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 8; *State v. Davis*, 9th Dist. Summit No. 29824, 2021-Ohio-1796, ¶ 10. Without the context the PSI might provide, we cannot conclude that there is clear and convincing evidence in the record the sentence is contrary to law. *See Morabith* at ¶ 12; *State v. Shelton*, 9th Dist. Lorain No. 18CA011368, 2019-Ohio-1694, ¶ 8, citing R.C. 2953.08(G)(2); *State v. Collins*, 9th Dist. Lorain No. 19CA011462, 2020-Ohio-317, ¶ 17. Mr. Jaycox's second assignment of error is overruled.

## III.

**{¶15}** Mr. Jaycox's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

LAWRENCE SPOLJARIC, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.